*128 Cavanagh, J.
(concurring). The people of this state adopted Proposal A, which amended Const 1963, art 9, § 3 by limiting the tax increase that could be imposed on property tax assessments. The amendment permits an increase in excess of this cap if the property valuation is adjusted for “additions.” I agree with the majority’s conclusion that the Legislature impermissibly redefined “additions” in this instance. However, I write separately to express my concern with the majority’s overzealous condemnation of the Legislature’s attempt to enact the provisions of the constitutional amendment and to caution against its constitutional analysis that suggests the undertaking lacks complexity.
I agree with the majority that the Legislature may define constitutional terms when permitted by the text. Because the revised definition significantly expands the articulated exceptions to the cap on tax increases, it conflicts with the original intent of the ratifiers. This legislative overreaching is particularly evident because we are close in time to the passage of the amendment, and we must assume the ratifiers intended any exceptions to the cap on tax increases be narrowly construed. However, contrary to what the majority implies, even if this Court determined that the text of the amendment expressly permits the Legislature to define the term, its design could not be thwarted because this Court would still be required to invalidate any definition that violated the purpose of the amendment. The Legislature can never unconstitutionally define a term in the constitution.
Though the issues this case presents are far from complex, the nature of constitutional interpretation is rarely so straightforward. Simply stated, the value of *129 original intent as one method among many in the endeavor to properly interpret our constitution must be appreciated. With that qualification, I respectfully concur.
Kelly, J., concurred with Cavanagh, J.